SUPREME FOREST, WOODMEN CIRCLE,
v. BOONE.  (No. 2824.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 22, 1923.)

Insurance $\Longleftrightarrow$819(2)—Evidence held insufficient to support finding of good standing.

Evidence *held* insufficient to support a jury's finding that benefit dues had been paid and that deceased was·in good standing at the time ·of death. ·

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by C. A. Boone, as next friend of C. A. Boone, Jr., against Supreme Forest, Woodmen· Circle. Judgment for the plaintiff, and the defendant appeals. Reversed and·remanded.·

George Prendergast, of Marshall, for appellant.

Hall, Brown & Hall, of Marshall, for appellee.

HODGES, J. In 1915·the appellant issued an insurance policy for the sum of $1,000 on the life of Mrs. C. A. Boone, in which C. A. Boone, Jr., her minor .son, was named as the beneficiary. Mrs.·Boone died on July 18, 1921. At the time of· her death she was a member of the local lodge, or. grove, at Mineola, Tex.. Payment of the policy was refused upon the ground that Mrs: Boone was not in good standing at the time of her death; that she had been suspended for the nonpayment of dues. This .suit .was. then filed· by C. A. Boone, Sr., as next.friend for. his minor son.

In the trial below only one defense was made—that the policy had been forfeited for the nonpayment of ·dues. According to the face ·of the policy. ·the Supreme.·Forest dues amounted to $1.63 per month, and local grove dues to 10 cents per month. Boone, Sr., testified that he had not during the last two years paid any sum .as dues for his wife, and that he did not personally know that dues had been paid.; He offered in evidence as proof of payment a. receipt·signed by the secretary of the Mineola Grove acknowledging the payment of $7.18 monthly dues and 60 cents local lodge dues. The receipt bore the date of February 1, 1921, and purported to cover· assessments from 1 to 8; that is, from February 1 to September 1, 1921. The genuineness of this receipt was denied by the appellant. As a basis for its introduction in evidence an expert was permitted to testify that it bore the genuine signature of the local secretary. The receipt was on a printed form, and the·blanks and dates had been written with a lead pencil. The secretary admitted that the signature to the receipt was his, but denied that the writing showing payment to September 1st was his. In this denial he was positive. The original receipt was in evidence, and no expert was offered to contradict him. He also testified that Mrs. Boone had been reported by him as delinquent on the 1st day of June, 1921, and that she had been suspended prior to her death. The jury, however, found that the dues had been paid, and ·a judgment was

entered for the full amount of the policy together with $100 as a monument fund.

We are of the opinion that the appellant's assignment challenging the sufficiency of the evidence to support that finding should be sustained. By an order of the court the original receipt, together with two others admitted to be genuine, were sent up with the papers.

After considering all the facts, we conclude that the evidence impeaching the genuineness of the receipt is too strong to be disregarded.

The judgment will therefore be reversed, and the cause remanded.